UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| ANDREW JAUREGUI,<br><br>   Plaintiff,<br><br> v.<br><br>NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security,<br><br>   Defendant. | Case No. CV 16-03959-AS<br><br>**MEMORANDUM OPINION AND**<br><br>**ORDER OF REMAND** |

  Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter be remanded for further administrative action consistent with this Opinion.

---

  [1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration and is substituted in for Acting Commissioner Caroyln W. Colvin in this case. See 42 U.S.C. § 205(g).

1

**PROCEEDINGS**

On June 6, 2016, Plaintiff filed a Complaint seeking review of the denial of his applications for Disability Insurance Benefits and Supplemental Security Income. (Docket Entry No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 12-13). On November 1, 2016, Defendant filed an Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 17, 19). On November 28, 2017, the parties filed a Joint Stipulation ("Joint Stip."), setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 32).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On April 12, 2011, Plaintiff, formerly employed as warehouse clerk in the aerospace industry (see AR 56, 330-31), filed applications for Disability Insurance Benefits and Supplemental Security Income, both alleging a disability since December 1, 2009. (AR 226-36).

On August 2, 2012, the Administrative Law Judge, Charles E. Stevenson ("ALJ Stevenson"), heard testimony from Plaintiff (who was represented by counsel) and vocational expert Susan Allison. (See AR 53-66). On October 15, 2012, ALJ Stevenson issued a decision denying

Plaintiff's applications. (See AR 99-108). After determining that Plaintiff had severe impairments -- "wrist pain, history of kidney stones and history of hepatitis C" (AR 102-03)[2] -- but did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listed Impairments (AR 103), ALJ Stevenson found that Plaintiff had the residual functional capacity ("RFC")[3] to perform the full range of medium work[4] with the following limitations: can lift and/or carry 25 pounds frequently and 50 pounds occasionally, can stand and/or walk for 6 hours out of an 8-hour day; and can sit for 6 hours out of an 8-hour day. (AR 103-06). ALJ Stevenson then determined that Plaintiff was not able to perform any past relevant work (AR 106), but that jobs existed in significant numbers in the national economy that Plaintiff can perform, and therefore found that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 107).

Plaintiff requested that the Appeals Council review ALJ Stevenson's Decision. (See AR 178). On June 26, 2014, the Appeals Council remanded the matter in order for an Administrative Law Judge to do the following: (1) "Obtain additional evidence concerning the claimant's impairments in

---

[2] ALJ Stevenson determined that Plaintiff's impairments of kidney stones, hepatitis C, MRSA (Methicillin-Resistant Staphylococcus Aureus) infection and foot pain were nonsevere. (AR 102-03).

[3] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[4] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).

3

order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence"; (2) "[I]f necessary, obtain evidence from a medical expert to clarify the nature and severity of the claimant's orthopedic impairments"; (3) Give further consideration to the claimant's maximum residual functional capacity and provide appropriate rational with specific references to evidence of record in support of the assessed limitations"; and (4) "If warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base". (AR 115-17).

On April 6, 2015, another Administrative Law Judge ("the ALJ"), Mary L. Everstine, heard testimony from Plaintiff,[5] who was represented by counsel, and vocational expert Kelly Bartlett. (See AR 24, 69-79). On June 5, 2015, the ALJ issued a decision denying Plaintiff's applications. (See AR 22-31). After determining that Plaintiff had severe impairments -- "degenerative disc disease with small disc bulging multi-levels lumbar spine" (AR 24-28)[6] -- but did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments (AR 103), the ALJ found that Plaintiff

---

[5] Plaintiff testified by telephone from the prison where he was incarcerated on the date of the hearing. (AR 22, 69).

[6] The ALJ determined that Plaintiff's impairments of hepatitis C, kidney stones, status post fusion of the right 4th and 5th carpometacarpal joints, and possible depression were nonsevere. (AR 27-28).

4

had the RFC to perform the full range of medium work. (AR 28-30). The ALJ then determined that Plaintiff was not able to perform any past relevant work (AR 30), but that jobs existed in significant numbers in the national economy that Plaintiff can perform, and therefore found that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 30-31).

Plaintiff requested that the Appeals Council review the ALJ's decision. (See AR 17). The request was denied on April 5, 2016. (See AR 1-6). The ALJ's decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g), 1383(c).

**PLAINTIFF'S CONTENTION**

Plaintiff alleges that the ALJ failed to properly reject the opinion of Plaintiff's treating physician. (See Joint Stip. at 4-8, 14).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that Plaintiff's claim of error warrants a remand for further consideration.

//

//

//

**A. The ALJ Failed to Properly Reject the Opinion of Plaintiff's Treating Physician, Shelly Heidelbaugh, M.D.**

Plaintiff asserts that the ALJ failed to provide clear and convincing reasons, or specific and legitimate reasons, for rejecting the opinion of Plaintiff's treating physician, Dr. Heidelbaugh. (See Joint Stip. at 4-8, 14). Defendant asserts that the ALJ gave valid reasons for rejecting Dr. Heidelbaugh's opinion. (See Joint Stip. at 8-14).

Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability. Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. § 416.927(c)(2); see Trevizo v. Berryhill, 871 F.3d 664 (9th Cir. 2017). When a treating physician's opinion is not controlling, it is weighted based on factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of

the treatment relationship, supportability, consistency with the record as a whole, and specialization of the physician. 20 C.F.R. § 416.927(c)(2)-(6).

If a treating or examining doctor's opinion is contradicted by another doctor, the ALJ must provide "specific and legitimate reasons" for rejecting the opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester v. Chater, 81 F.3d at 830-31. However, if a treating or examining doctor's opinion is not contradicted by another doctor, the ALJ can reject the opinion only for "clear and convincing reasons." Carmickle v. Commissioner, 533 F.3d 1155, 1164 (9th Cir. 2008); Lester v. Chater, supra.

Shelly Heidelbaugh, M.D., a physician at Pathway Medical Group, treated Plaintiff from March 2011 to July 30, 2012. (See AR 514-22, 527; see also AR 485-87, 490, 493-94, 501-02, 524, 526, 528-29). Plaintiff was diagnosed with, inter alia, lumbar spine strain, nephrolithiasis (kidney stones), hand pain, and depression/anxiety (See AR 514-22, 509).

In a Medical Questionnaire form dated May 8, 2012, Dr. Heidelbaugh stated that Plaintiff had a reduced range of motion and reduced grip strength in his right wrist and that Plaintiff's experience of pain frequently was severe enough to interfere with attention and concentration. (AR 509). Dr. Heidelbaugh opined that Plaintiff had the

following functional limitations: can sit a maximum of 15 minutes before needing to walk about; while sitting, must elevate both legs 6 inches or less; can sit for 1 hour during an 8-hour workday; can stand/walk about a maximum of 15 minutes before needing to lie down or recline in a supine position and/or before needing to sit in a working position at a desk or table; needs to lie down or recline/sit less than 15 minutes before returning to standing/walking about; can stand/walk about for 1 hour during an 8-hour workday; needs to rest (lie down or recline in a supine position) 3 to 4 hours during an 8-hour workday; can never stoop, lift/carry weight, or reach/handle/finger with the right hand; can occasionally (up to 1/3 of the day) reach/handle with the left hand; can frequently (1/3 to 2/3 of the day) finger with the left hand; and Plaintiff's impairments are likely to produce good and bad days -- Plaintiff is likely to be absent from work more than 3 times a month on the average. (AR 510-12).

In a Residual Functional Capacity Questionnaire dated December 17, 2012, Dr. Heidelbaugh opined that Plaintiff had the following functional limitations: can sit less than 30 minutes during an 8-hour workday, and can sit a total of less than 2 hours during an 8-hour workday; can stand less than 30 minutes during an 8-hour workday, and can stand a total of less than 2 hours during an 8-hour workday; can walk less than 30 minutes during an 8-hour workday, and can walk a total of less than 2 hours during an 8-hour work day; can never lift or carry weight; can never handle or push and pull with the right hand, and can rarely do

fine manipulation with the right hand; can occasionally handle or push and pull with the left hand, and can frequently do fine manipulation with the left hand; can never bend/stoop, squat, crawl, climb, crouch, or kneel (due to back pain); can occasionally reach out and reach forward (due to back pain); can never tolerate exposure to unprotected heights; can rarely drive automotive equipment; can frequently tolerate being around moving machinery, exposure to marked temperature changes, and exposure to dust, fumes and other irritants; and can continuously tolerate exposure to noise; and Plaintiff's pain is estimated to be extreme (when Plaintiff's back gives out, he has "no useful ability to function"). (AR 560-61).

The ALJ summarized the medical record, including a brief summary of Dr. Heidelbaugh's medical records and an extensive summary of Dr. Heidelbaugh's opinion. (See AR 25-28). Subsequently, in the section addressing Plaintiff's RFC, the ALJ addressed Dr. Heidelbaugh's opinions as follows:

> In reaching my decision, substantial weight is given to treating source records throughout the record, except those of Dr. Heidelbaugh in Exhibits 12F and 19F. Treating source progress notes document conservative treatment, with improvement noted [in] the claimant's overall condition, although he probably would have had greater improvement if he attended physical therapy as advised. While the record

establishes degenerative disc disease of the lumbar spine with small disc bulges at multiple levels, the weight of the medical record shows the claimant's back impairment does not preclude medium work and does not preclude substantial gainful activity. The residual functional capacity assessments by Dr. Heidelbaugh in Exhibits 12F and 19F are found not generally credible and given minimal to no weight, as these assessments are not well supported and are inconsistent with the weight of [the] medical record. For example[,] while Dr. Heidelbaugh opined the claimant must elevate both legs to 6 inches, can sit less than 15 minutes at a time, and peform no lifting whatsoever, such limitations are not documented by the medical record, or by any other treating sources. Treating source medical records other than those by Dr. Heidelbaugh are found generally credible, based on the length, nature and/or extent of the treating physician's relationships with the claimant; supportability with medical signs and laboratory findings; consistency with the record; and areas of specialization. Further, as medical records by treating physicians that (sic) are well supported and consistent, treating source records other than those by Dr. Heidelbaugh are given substantial weight.

(AR 28).

Since the ALJ did not find that Dr. Heidelbaugh's opinions were *contradicted* by another physician's opinion, the issue is whether the ALJ provided "clear and convincing" reasons for discrediting Dr. Heidelbaugh's opinions. See Trevizo v. Berryhill, 871 F.3d at 675 ("[t]o reject the [the] uncontradicted opinion of a treating or examining doctor, and ALJ must state clear and convincing reasons that are supported by substantial evidence.").

The only reason the ALJ gave for discounting Dr. Heidelberg's opinion was that they "are not well supported and are inconsistent with the weight of [the] medical record." To support that reason, the ALJ stated that Dr. Heidelberg's opinion that Plaintiff needed to elevate both legs to 6 inches, Plaintiff could only sit for 15 minutes at a time, and Plaintiff could not do any lifting "are not documented by the medical record, or by any other treating sources." (AR 28).[7] The ALJ failed to provide any facts, conflicting clinical evidence or reports to substantiate her reasons for discounting Dr. Heidelberg's opinion.

---

[7] Although Respondent asserts that the ALJ provided four reasons for rejecting Dr. Heidelbaugh's opinions (see Joint Stip. at 8-14), it appears that the ALJ provided only one reason for rejecting Dr. Heidelbaugh's opinions - inconsistency with the medical record. The Court will not consider reasons for rejecting Dr. Heidelbaugh's opinions that were not given by the ALJ in the decision. See Trevizo v. Berryhill, 871 F.3d at 665 ("[w]e review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely"); Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001); SEC v. Chenery Corp., 332 U.S. 194, 196 (1947).

A treating physician's opinion may be discredited because it is "inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) see also Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001)(ALJ properly discounted treating physician's opinion for being "so extreme as to be implausible" and "not supported by any findings" where there was "no indication in the record what the basis for these restrictions might be"); Magallanes v. Bowen, 881 F.2d at 752 (ALJ's decision to reject the treating physician's opinion due to a lack of medical evidence was sufficiently "specific and legitimate" and based on substantial evidence in the record).

Here, however, the ALJ failed to provide any reasons, let alone "clear and convincing" reasons, for rejecting Dr. Heidelbaugh's opinion about Plaintiff's functional limitations, specifically, that Plaintiff needs to alternate sitting and walking (AR 510), Plaintiff can sit for a total of 1 hour during an 8-hour workday (id.), Plaintiff can stand or walk for only 15 minutes before needing to alternate postures by lying down or reclining or by sitting in a working position (AR 511; see AR 560), Plaintiff can stand or walk for a total of 1 hour during an 8-hour workday (AR 560), Plaintiff needs to rest/lie down or recline for a total of 3 to 4 hours during an 8-hour workday (AR 511), Plaintiff can never stoop, squat, crawl, climb, crouch or kneel (AR 511, 560), Plaintiff can occasionally reach up and reach forward (AR 560), Plaintiff can never tolerate exposure to unprotected heights (AR 561), and Plaintiff will likely miss an average of more than 3 days of work a

12

month (AR 512). See Trevizo v. Berryhill, 871 F3d at 676 (although ALJ suggested that treating doctor's opinion was "inconsistent with other substantial evidence," the "ALJ did not consider such factors such as the length of the treating relationship, the frequency of examination, the nature and extent of the treatment relationship, or the supportability of the opinion. . . . This failure alone constitutes reversible legal error."); Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988)("[T]he ultimate conclusions of those [treating] physicians must be given substantial weight; they cannot be disregarded unless clear and convincing reasons for doing so exist and are set forth in proper detail.").

**B. Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod

v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman v. Apfel, 211 F.3d at 1179-81.

Since the ALJ failed to properly address several aspects of the treating physician's opinions, remand is appropriate. Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 29, 2017

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

14